Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

KYLE CHILDRESS,

                Defendant.

2:23-CR-00111-TOR

Pretrial Diversion Agreement

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney, as well as Defendant, KYLE CHILDRESS, and Defendant's counsel, Amy Rubin, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I.  Overview and Information**

1.    On October 3, 2023, Defendant was indicted in the Eastern District of Washington with Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846 and Controlled Substance User in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3).

2.    Defendant stipulates and agrees that Defendant did in fact violate 21 U.S.C. § 846 and 18 U.S.C. § 922(g)(3), and that the United States could prove

PRETRIAL DIVERSION AGREEMENT - 1

1  Defendant's guilt beyond a reasonable doubt as to each offense.   Defendant wishes to

2  accept responsibility for this conduct.  Accordingly, Defendant stipulates and agrees

3  to the following facts, referred to herein as the "Covered Conduct":

4          a.      In the 2018/2019 time period, Defendant was addicted to opiates

5  and began using illicit heroin.  He obtained heroin from Luis FARIAS-CARDENAS

6  at various locations in the Moses Lake, Washington area.  Defendant also facilitated

7  FARIAS-CARDENAS' activities to ensure the continued success of FARIAS-

8  CARDENAS and his ability to provide Defendant with heroin.

9          b.      A search warrant was executed on Defendant's Moses Lake area

10  residence on July 16, 2019.  Heroin and other opiates were located in the garage in

11  Defendant's residence along with approximately 26 firearms (listed in the indictment).

12  At the time of the search warrant, Defendant was a heroin addict, and knew he was

13  one.  The located firearms had been transported in interstate or foreign commerce

14  prior to be possessed by Defendant.

15      4.      On authority from the Attorney General of the United States, through

16  Vanessa R. Waldref, United States Attorney for the Eastern District of Washington,

17  prosecution in the Eastern District of Washington for the Covered Conduct shall be

18  deferred for 36 months.  This 36-month period begins on the date this Agreement is

19  signed by both parties and accepted by the Court.

20      5.      The United States and Defendant stipulate and agree that the Court will

21  maintain jurisdiction over this matter and that the Court shall be the final arbiter as to:

22  (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy,

23  which may include either terminating the Agreement or modifying its terms.  If

24  violated, a modification may include extending the Agreement's 36-month period by

25  an additional 12 months, for a total of 48 months.

26      II.    Terms

27        Defendant stipulates and agrees to the following terms:

28

PRETRIAL DIVERSION AGREEMENT - 2

6.     **Waiver of Constitutional Rights.**  Defendant, by entering this Agreement, agrees to waive certain constitutional rights including (1) the right to a jury trial; (2) the right to see, hear, and question witnesses; and (3) the right to compel witnesses to testify. Defendant knowingly and voluntarily waives the above rights.

7.     **Supervision.**  Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 36-month period (or longer, if the period is extended by the Court).  Further, Defendant understands the following:

a.     Defendant shall not violate any federal, state, or local law.  This term does not apply to minor civil infractions such as speeding.

b.     If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, Defendant shall notify Defendant's supervising pretrial diversion officer within two business days.

c.     Defendant shall live within the jurisdiction of the Eastern District of Washington.  If Defendant seeks to reside outside the District, Defendant shall notify and seek the approval of Defendant's supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

d.     Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify Defendant's supervising pretrial diversion officer.  In the event that Defendant becomes self-employed, Defendant shall provide evidence of such self-employment.

e.     Defendant shall report to Defendant's supervising pretrial diversion officer as directed by the Court or U.S. Probation.  Any failure to abide by the reporting requirements as established by the Court or U.S. Probation shall be deemed as an irrevocable violation of the Agreement.

f.     Defendant shall not possess, control, consume, and/or use any illegal control substance, including marijuana, nor possess any firearm or ammunition for any firearm unless approved by the supervising probation officer.  Defendant shall not use alcohol to excess.

PRETRIAL DIVERSION AGREEMENT - 3

g.      Defendant will be subject to electronic home monitoring and a reasonable curfew for a period of at least 180 days for the date of his release from custody under pre-trial release conditions.

h.      Defendant shall obtain an evaluation, or make all reasonable attempts to schedule an evaluation, for mental health and substance abuse issues within 1 week of being released from custody.  Defendant shall work with the Federal Defender's Office to ensure those evaluation(s) are scheduled and completed. Defendant shall then successfully complete any recommended mental health and/or substance abuse services recommended by the respective evaluation(s) and/or U.S. Probation.  Should Defendant not abide by this condition, Defendant acknowledges a warrant will be sought for his immediate arrest.

i.      To the extent they are not encompassed above, Defendant will abide by all conditions imposed by the Court upon his pre-trial release.

7.      **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct.  This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court.  Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives indictment and all rights to a speedy indictment and/or trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

8.      **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

PRETRIAL DIVERSION AGREEMENT - 4

9.    **Admissibility of the Agreement in Prosecution**. In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and Defendant's admissions contained therein shall be admissible against Defendant at any trial, sentencing, or other related proceeding.

The United States stipulates and agrees to the following:

10.    **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 36 months (or up to 48 months, if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States stipulates will, seek dismissal with prejudice of the Information filed against Defendant pursuant to this Agreement. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in the Information and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

PRETRIAL DIVERSION AGREEMENT - 5

**III.    Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          2/27/2024
Caitlin Baunsgard                                            Date
Assistant U.S. Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

_____          2/28/24
Kyle Childress                                               Date
Defendant

_____          2/28/24
Amy Rubin                                                    Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

_____          February 28, 2024
Hon. Thomas O. Rice                                      Date
United States District Judge

PRETRIAL DIVERSION AGREEMENT - 6